IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01743-WJM-KLM

TERRI-LYNN STROEDER,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A., and
CHASE HOME FINANCE LLC

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

~~Upon a showing of good cause in support of the entry of a protective order~~ To protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, oppress, or unduly burden any party, witness, or person providing discovery or to whom discovery pertains in this case, IT IS ORDERED:

    1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, proprietary, personal financial information, or implicates common law and statutory privacy interests of the parties to this litigation or any other person entitled to protection under Fed. R. Civ. P. 26(c), including, without limitation, personal financial information, account information, private social security numbers, and other private identifying information.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this civil action;

    (b) persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

    (c) the parties (including designated representatives for each party);

(d)   expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(e)   the Court and its employees ("Court Personnel");

(f)   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

(g)   deponents, witnesses, or potential witnesses; and

(h)   other persons by written agreement of the parties.

6.   Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.   Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may

designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to ~~file~~ make an appropriate motion *pursuant to WJM's discovery procedures* requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely ~~filed~~ made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to ~~file~~ make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion ~~filed~~ made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Documents, materials, information, interrogatory answers, and depositions designated as CONFIDENTIAL, when filed with pleadings or offered as evidence at any hearing or trial, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection.

*KLM* (initials)

4

11.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12.  The termination of proceedings in this action shall not thereafter relieve the parties from the obligation of maintaining the confidentiality of the documents, materials, and information designated as "CONFIDENTIAL" that are received pursuant to this Protective Order.

13.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED AS TO FORM:

| BEEM & ISLEY, P.C. | KUTAK ROCK LLP |
|---|---|
| By: *s/ Clifford L. Beem* | By: *s/ Adam L. Hirsch* |
| Clifford L. Beem | Mark C. Willis |
| A. Mark Isley | Adam L. Hirsch |
| 730 Seventeenth Street, Suite 850 | 1801 California Street, Suite 3000 |
| Denver, Colorado 80202 | Denver, CO 80202 |
| Telephone: (303) 894-8100 | Telephone: (303) 297-2400 |
| Facsimile: (303) 894-8200 | Facsimile: (303) 292-7799 |
| clbeem@beemlaw.net | Email: mark.willis@kutakrock.com |
| amisley@beemlaw.net | adam.hirsch@kutakrock.com |
| ATTORNEYS FOR PLAINTIFF, TERRI-LYNN STROEDER | ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, FOR ITSELF AND AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC |

\* \* \* \*

SO ORDERED this 21st day of November, 2013.

BY THE COURT:

_____
United States ~~District Court~~ Magistrate Judge

6